## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION<br><br>                    Plaintiff,<br><br>vs.<br><br>35 CLUB, LLC, JOHN DOES 1-10 (individual fictitious parties whose identities are unknown at this time); and ABC CORPORATIONS 1-10 (individual fictitious corporations whose identities are unknown at this time),<br><br>                    Defendants,<br>and<br><br>BROOKE MARRIN, IRINA VORONINA, DESSIE MITCHESON, JAIME EDMONDSON LONGORIA, JAMIE EASON MIDDLETON, KATARINA VAN DERHAM, LINA POSADA, MASHA LUND, SANDRA VALENCIA, TIFFANY TOTH, TERA LEIGH PATRICK, and JOANNA KRUPA,<br><br>                    Interested Party Defendants | Civil Action No.<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff Capitol Specialty Insurance Corporation (hereinafter "CSIC"), by and through its attorneys, Connell Foley LLP, as and for a Complaint for Declaratory Judgment against Defendant 35 Club, LLC ("35 Club") and Interested Party Defendants Brooke Marin ("Banx"), Irina Voronina ("Voronina"), Dessie Mitcheson ("Mitcheson"), Jaime Edmondson Longoria ("Edmondson"), Jamie Eason Middleton ("Middleton"), Katarina Van Derham ("Van Derham"), Lina Posada ("Posada"), Masha Lund ("Lund"), Sandra Valencia ("Valencia"), Tiffany Toth ("Toth"), Tera Leigh Patrick ("Electra"), and Joanna Krupa ("Krupa"); hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1.     This is an insurance coverage action for declaratory relief to determine the respective rights and duties of the parties, including without limitation the rights and obligations, if any, of CSIC under a Commercial General Liability Insurance Policy issued by CSIC (the "CSIC Policy") in connection with certain underlying claims against 35 Club.

2.     Defendant 35 Club has sought insurance coverage under the CSIC Policy for costs associated with claims, demands and a multi-count lawsuit against it by the Interested Party Defendants (the "Underlying Action").

3.     The present dispute between CSIC and 35 Club relates to the existence, scope and extent of coverage, if any, available to 35 Club with respect to the Underlying Action under the CSIC Policy.

## JURISDICTION AND VENUE

4.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), as there is complete diversity of citizenship between the parties, and, upon information and belief, the amount in controversy exceeds $75,000.

6.     Pursuant to 28 U.S.C. § 1391(a), venue is appropriate in this District because, upon information and belief, a substantial part of the events giving rise to the Underlying Action occurred in this District.

## THE PARTIES

7.     Plaintiff Capitol Specialty Insurance Corporation ("CSIC") is a Wisconsin corporation, with its principal place of business in Appleton, Wisconsin, and who is authorized to and does conduct business in the State of New Jersey.

8.     Defendant 35 Club, LLC ("35 Club") is a limited liability company organized and existing under the laws of the State of New Jersey with a principal place of business at 7090 Rt. 35 North, Sayreville, New Jersey.

9.     John Does 1-10 are additional presently unknown fictitious persons or entities who have or may claim rights to insurance coverage under the CSIC Policy.

10.     ABC Corporations 1-10 are additional presently unknown fictional insurance companies which issued or may have issued other insurance policies under which coverage is available for the Underlying Action.

11.     Interested Party Defendant Brooke Marin, upon information and belief, is a professional model and actress known as Brooke Banx ("Banx"), and a resident of the State of Texas.

12.     Interested Party Defendant Irina Voronina ("Voronina"), upon information and belief, is a professional actress and model, and a resident of the State of California.

13.     Interested Party Defendant Dessie Mitcheson ("Mitcheson"), upon information and belief, is a professional actress and model, and a resident of the State of California.

14.     Interested Party Defendant Jaime Edmondson Longoria ("Edmondson"), upon information and belief, is a professional actress and model, and a resident of the State of Florida.

15.     Interested Party Defendant Jamie Eason Middleton ("Middleton"), upon information and belief, is a professional actress and model, and a resident of the State of Texas.

4438661-1

16.     Interested Party Defendant Katarina Van Derham ("Van Derham"), upon information and belief, is a professional actress and model, and a resident of the State of California.

17.     Interested Party Defendant Lina Posada ("Posada"), upon information and belief, is a professional actress and model, and a resident of the State of California.

18.     Interested Party Defendant Masha Lund ("Lund"), upon information and belief, is a professional actress and model, and a resident of the State of California.

19.     Interested Party Defendant Sandra Valencia ("Valencia"), upon information and belief, is a professional actress and model, and a resident of Colombia.

20.     Interested Party Defendant Tiffany Toth ("Toth"), upon information and belief, is a professional actress and model, and a resident of the State of California.

21.     Interested Party Defendant Tara Leigh Patrick, upon information and belief, is a professional actress and model, known as Carmen Electra ("Electra") and a resident of the State of California.

22.     Interested Party Defendant Joanna Krupa ("Krupa"), upon information and belief, is a professional actress and model, and a resident of the State of California.

## THE CSIC POLICY

23.     Defendant 35 Club has sought insurance coverage in connection with the Underlying Action under CSIC Commercial General Liability Insurance Policy number BR******** effective March 24, 2016 to March 24, 2107 (the "CSIC Policy")

24.     The CSIC Policy only provides liability insurance with respect to "damages because of "personal and advertising injury" caused by an offense arising out of the Named Insured's business.

25.     The CSIC Policy also expressly excludes coverage for personal and advertising injury arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

26.     The CSIC Policy expressly excludes coverage for, *inter alia*, personal and advertising injury caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury.

27.     The CSIC Policy also excludes coverage for personal and advertising injury arising out of any oral or written publication of material if done by or at the direction of the insured with knowledge of its falsity.

28.     The CSIC Policy further excludes coverage for punitive, exemplary, and/or statutory damages.

## THE UNDERLYING ACTION

29.     On September 12, 2017, the Interested Party Defendants filed a Complaint in the United States District Court for the District of New Jersey, captioned *Brooke Marrin, et als. v. 35 Club, LLC, et als.*, bearing Civil Action Number 3:17-cv-07028. On March 2, 2018, the

Interested Party Defendants filed an Amended Complaint in the Underlying Action, a copy of which is annexed hereto as Exhibit "A".

30.     In the Underlying Action, it is alleged that 35 Club owns and/or operates various social media accounts, including Facebook, Twitter, and Instagram, through which 35 Club promotes, endorses, and markets its business, solicits customers, and advertises events.  From July 2013 through June 2017, 35 Club allegedly misappropriated images and likenesses of models and actresses without their consent for use in 35 Club's advertising materials produced to market and promote 35 Club's business. *See* Exhibit A.

31.     In Count I of the Underlying Action, claimants have alleged that 35 Club deliberately and willfully misappropriated their likenesses through a "scheme to create the false impression that [claimants] were affiliated with and/or performed at" 35 Club's business.

32.     In Counts II and III of the Underlying Action, claimants have alleged that 35 Club deliberately and willfully committed Unfair Competition and False Endorsement in violation of 15 U.S.C. 1125(a), Lanham Act, and N.J.S.A. 56:4-1, et seq. by placing claimants' images and likenesses on advertisements promoting 35 Club in order to create the false impression that claimants are affiliated with, have endorsed, or otherwise participate in 35 Club's business.

33.     In Count IV of the Underlying Action, charging Common Law Unfair Competition, claimants have alleged that 35 Club's unauthorized use of claimants' images and likenesses in connection with creating the false impression that claimants were affiliated with 35 Club constitutes unfair competition under New Jersey common law.

34.     As a result of 35 Club's alleged conduct, claimants demand judgment in the Underlying Complaint against 35 Club, including actual damages, statutory damages, punitive damages, treble damages, prejudgment interest, disgorgement of profits, and costs of litigation.

4438661-1

35.     After 35 Club informed CSIC of the Underlying Complaint, CSIC sent 35 Club a letter advising that CSIC acknowledged a duty to defend 35 Club, in connection with the Underlying Complaint, subject to an express reservation of rights pursuant to all terms, conditions, and exclusions of the CSIC Policy. See copy of October 5, 2017 letter annexed hereto as Exhibit "B" (the ROR Letter).

36.     The ROR Letter assessed CSIC's rights, duties, and obligations relative to the Underlying Action as to 35 Club, as the Named Insured in the CSIC Policy, and subject to the terms, conditions, and exclusions of the CSIC Policy, and express reservation of rights.

37.     Based upon the allegations in the Underlying Complaint and the limited factual information that has been provided thus far, an actual justiciable controversy exists concerning the existence, nature, and scope of coverage, if any, that may be available to 35 Club in connection with the Underlying Action under the CSIC Policy.

## COUNT ONE
**(Declaratory Judgment – Existence, Scope and Extent of Coverage)**

38.     CSIC repeats, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 37 of the Declaratory Judgment Complaint as if set forth at length herein.

39.     An actual controversy exists among the parties concerning the existence, scope and extent of coverage, if any, available to 35 Club with respect to the Underlying Action under the CSIC Policy.

40.     In particular, the Insuring Agreement at Coverage B in the CSIC Policy provides that:

> CSIC will pay those sums that the insured becomes legally
> obligated to pay as damages because of "personal and
> advertising injury" to which this insurance applies. [CSIC]

will have the right and duty to defend the insured against any "suit" seeking those damages. However, [CSIC] will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

This insurance applies to "personal and advertising injury" caused by an offense arising out of [the Named Insured's] business but only if the offense was committed in the "coverage territory" during the policy period.

41.    Based upon the information presently available, it is presently unclear whether and to what extent certain allegations in the Underlying Action trigger the Insuring Agreement of the CSIC Policy.  Specifically, coverage for the Underlying Action is or may be barred or limited by various terms, conditions, provisions and/or exclusions of the CSIC Policy, including without limitation for one or more of the following reasons:

(a)    Coverage is barred to the extent that the damages asserted in the Underlying Action do not constitute "personal and advertising injury" within the meaning of the CSIC Policy;

(b)    Coverage is barred to the extent that the events giving rise to the Underlying Action do not constitute an offense arising out of the Named Insured's business within the meaning of those terms under the CSIC Policy;

(c)    Coverage is barred to the extent that the events giving rise to the Underlying Complaint do not constitute infringing on another's copyright, trade dress or slogan in the Named Insured's "advertisement" within the meaning of the CSIC Policy.

42.    In light of the foregoing coverage issues, CSIC respectfully requests a judicial declaration from this Court concerning whether and to what extent CSIC is obligated, if at all, to provide insurance coverage to 35 Club in connection with the Underlying Action.

## COUNT TWO
### (Electronic Chatrooms or Bulletin Boards Exclusion)

43.     CSIC repeats, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 42 of the Declaratory Judgment Complaint as if set forth at length herein.

44.     Based upon the allegations in the Underlying Action, CSIC has agreed to provide a defense to 35 Club, subject to a reservation of rights, including the right to seek declaratory relief concerning whether and to what extent CSIC is required, if at all, to provide coverage under the CSIC Policy in connection with the Underlying Action.

45.     The CSIC Policy is subject to the Electronic Chatrooms or Bulletin Boards Exclusion which bars coverage for damage or injury arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

46.     In the Underlying Action, 35 Club is alleged to have improperly posted claimants' images and likenesses via electronic social media chatrooms and bulletin boards such as the Facebook, Twitter and Instagram pages controlled by 35 Club and/or its agents and employees.

47.     Accordingly, CSIC respectfully requests a judicial declaration from this Court concerning whether and to what extent the Electronic Chatrooms or Bulletin Boards Exclusion in the CSIC Policy is applicable to the claims in the Underlying Action.

## COUNT THREE
### (Knowing Violation of Rights of Another Exclusion)

48.     CSIC repeats, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 47 of the Declaratory Judgment Complaint as if set forth at length herein.

49.     Based upon the allegations in the Underlying Action, CSIC has agreed to provide a defense to 35 Club, subject to a reservation of rights, including the right to seek declaratory relief concerning whether and to what extent CSIC is required, if at all, to provide coverage under the CSIC Policy in connection with the Underlying Action.

50.     The CSIC Policy is subject to the Knowing Violation of Rights of Another Exclusion which excludes coverage for damage or injury caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict such damage or injury.

51.     In the Underlying Action, claimants have alleged that 35 Club's conduct was willful, deliberate, and/or part of a scheme resulting in damage, and that 35 Club knew or should have known that it had no right to use the images or likenesses.

52.     Accordingly, CSIC respectfully requests a judicial declaration from this Court concerning whether and to what extent the Knowing Violation of Rights of Another Exclusion in the CSIC Policy is applicable to the claims in the Underlying Action.

4438661-1

## COUNT FOUR
### (Material Published With Knowledge of Falsity Exclusion)

53.     CSIC repeats, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 52 of the Declaratory Judgment Complaint as if set forth at length herein.

54.     Based upon the allegations in the Underlying Action, CSIC has agreed to provide a defense to 35 Club, subject to a reservation of rights, including the right to seek declaratory relief concerning whether and to what extent CSIC is required, if at all, to provide coverage under the CSIC Policy in connection with the Underlying Action.

55.     The CSIC Policy is subject to the Material Published With Knowledge of Falsity Exclusion which excludes coverage for damage or injury arising out of any oral or written publication made by or at the direction of the insured with knowledge of its falsity.

56.     In the Underlying Action, claimants have alleged that 35 Club knew or should have known that they had no right to use claimants' images and likenesses to promote their business, and that 35 Club's use of claimants' photographs and likenesses was willful and deliberate.

57.     In light of the foregoing coverage issues, CSIC respectfully requests a judicial determination from this Court concerning whether and to what extent the Material Published With Knowledge of Falsity Exclusion in the CSIC Policy is applicable to the claims in the Underlying Action.

4438661-1

## COUNT FIVE
### (Declaratory Judgment – Punitive or Statutory Damages Exclusion)

58.     CSIC repeats, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 57 of the Declaratory Judgment Complaint as if set forth at length herein.

59.     Based upon the allegations in the Underlying Action, CSIC has agreed to provide a defense to 35 Club, subject to a reservation of rights, including the right to seek declaratory relief concerning whether and to what extent CSIC is required, if at all, to provide coverage under the CSIC Policy in connection with the Underlying Action.

60.     The CSIC Policy is subject to the Punitive or Statutory Damages Exclusion which excludes coverage for punitive, exemplary or statutory damages (such as multiplied damages, costs, expenses or attorneys' fees).

61.     In the Underlying Action, claimants have sought relief including punitive, exemplary and/or statutory damages which, if awarded, would be subject to and excluded by the Punitive or Statutory Damages Exclusion.

62.     Accordingly, CSIC respectfully requests a judicial determination from this Court concerning whether and to what extent the Punitive or Statutory Damages Exclusion in the CSIC Policy is applicable to the claims in the Underlying Action.

## COUNT SIX
### (Additional CSIC Policy Provisions)

63.     CSIC repeats, realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 62 of the Declaratory Judgment Complaint as if set forth at length herein.

4438661-1

64.     Based upon the allegations in the Underlying Action, CSIC has agreed to provide a defense to 35 Club, subject to a reservation of rights, including the right to seek declaratory relief concerning whether and to what extent CSIC is required, if at all, to provide coverage under the CSIC Policy in connection with the Underlying Action.

65.     In particular, the CSIC Policy contains, without limitation, the following potentially applicable terms and conditions:

(a)     Coverage is barred to the extent that the Underlying Action involves liability arising out of acts or omissions of an individual, organization, or entity other than those individuals, organizations, or entities listed as Named Insureds or otherwise qualifying as insureds under the CSIC Policy;

(b)     Coverage is barred to the extent that the Underlying Action involves injury found to have taken place prior to or otherwise outside of the coverage period of the CSIC Policy.

(c)     Coverage is barred to the extent that the Material Published Prior to the Policy Period Exclusion is found to apply;

(d)     Coverage is barred to the extent that 35 Club is found to have breached the notice and/or cooperation conditions of the CSIC Policy;

(e)     Coverage is barred to the extent that 35 Club is found to have breached the condition in the CSIC Policy precluding an insured from voluntarily making a payment, assuming any obligation, or incurring any expense, other than for first aid, without CSIC's consent; and

(f)     Coverage is barred in whole or in part to the extent that the CSIC Policy applies as excess over other valid and collectible insurance;

4438661-1

66.     Additionally, 35 Club has not presented the Underlying Action with sufficient particularity so as to make CSIC aware of all policy terms, conditions, provisions, exclusions or other defenses which are or may become available so as to bar or limit coverage. CSIC accordingly reserves the right to amend this Declaratory Judgment Complaint and/or assert all applicable defenses if and when additional information becomes available.

## PRAYER FOR RELIEF

**WHEREFORE**, CSIC respectfully requests judgment and relief as follows:

A)     A declaration determining the existence, scope and extent of coverage, if any, with respect to the Underlying Action under the CSIC Policy;

B)     A declaration of the parties' respective rights, obligations and duties with respect to defense costs and/or indemnity payments made or to be made in connection with the Underlying Action, including but not limited to the obligations of 35 Club to pay amounts attributable to non-covered claims;

C)     For any and all declarations not expressly requested herein regarding the rights and duties of the parties that are necessary for the resolution of this matter;

D)     An award of CSIC's reasonable attorneys' fees and costs of this suit, and such other relief as this Court deems just, proper and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

CSIC hereby demands a jury trial on all matters so triable.

**CONNELL FOLEY LLP**

By:   <u>*s/Neil V. Mody*_____</u>

Neil V. Mody
56 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
*Attorneys for Plaintiff,*
*Capitol Specialty Insurance Corporation*

Dated: March 9, 2018

## RULE 11.2 CERTIFICATION

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, except that this declaratory judgment action arises out of demands for insurance coverage in connection with a lawsuit captioned *Brooke Marrin, et als. v. 35 Club, LLC, et als.*, bearing Civil Action Number 3:17-cv-07028-MAS-LHG, currently pending in the United States District Court for the District of New Jersey. I further certify that there are no non-parties known to CSIC that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended Certification if there is a change in the facts stated in this original certification.

**CONNELL FOLEY LLP**

By:     *s/Neil V. Mody*_____

Neil V. Mody
56 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
*Attorneys for Plaintiff,*
*Capitol Specialty Insurance Corporation*

Dated: March 9, 2018